RECEIVED
IN LAKE CHARLES, LA
NOV 1 0 2011
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **DOCKET NO. 2: 11 CR 00105-002** |
| **VS.** | : | **JUDGE MINALDI** |
| **URBANO SANTIAGO** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court are the defendant's objections to the Presentence Report ("PSR") prepared by the Probation Department.

The defendant's first objection does not require a ruling by the court.

In his second objection, the defendant objects to the base offense level contained in ¶17 of the PSR. In *Gall v. United States,* 128 S.Ct. 586, 596 (2007), the Supreme Court explained that "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." USSG § 2S1.3 prescribes the methodology to be employed by the district court. The base offense level is to be calculated under § 2S1.3(a)(2) directs that the base offense level is 6, plus "the number of offense levels from the table in § 2B1.1 ... corresponding to the value of the funds." The table in § 2B1.1 provides for the addition of 10 levels for any amount over $120,000.00 but less than $200,000. Accordingly, the base offense level of 16 is correct and the defendant's objection is overruled.

The next objection concerns the specific offense characteristics. Santiago was assessed an additional two points for bulk cash smuggling. Section 2S1.3(b)(1)(2) provides for a two-level

enhancement if "the offense involved bulk cash smuggling." *United States. v. Meza-Quinones*, 2006 WL 504282, 2(W.D.Tex.,2006). The commentary to § 2S1.3 defines bulk cash smuggling as "(A) knowingly concealing, with the intent to evade a currency reporting requirement under 31 U.S.C. § 5316, more than $10,000 in currency or other monetary instruments; and (B) transporting or transferring ... such currency or monetary instruments into or outside of the United States." U.S. Sentencing Guidelines Manual § 2S1.3(b)(1)(2), cmt. n. 2 (2011). §2S1.3(b)(1) was properly applied in this case, preventing the inclusion of the reduction in §2S1.3(b)(3). The defendant's objection is overruled.

The defendant's last objection does not require a ruling by the court. Santiago states that the PSR substantially overstates the seriousness of the offense. Probation revised the PSR to give the defendant a two (2) level reduction as a minor participant.

Lake Charles, Louisiana, this 9 day of November, 2011.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE